IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ZEDRICK CAVE,                          )
                                       )
            Petitioner,                )
                                       )
      v.                               )          CV 119-107
                                       )           (Formerly CR 116-086)
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )
                            _____

**O R D E R**
                            _____

Petitioner, an inmate at United States Penitentiary Lee in Jonesville, Virginia, filed

with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

On September 20, 2019, the government filed a response to Petitioner's § 2255 motion.

(Doc. no. 3.)  On October 7, 2019, Petitioner filed a motion to voluntarily dismiss his § 2255

motion.  (Doc. no. 4.)

Under Fed. R. Civ. P. 41(a)(2), an action may be dismissed without prejudice at

Plaintiff's request by order of the court, upon such terms and conditions as the court deems

proper.[1]  This Court and other courts have approved the practice of dismissing § 2255 actions

without prejudice.  See, e.g., Cooks v. United States, CV 114-091, doc. no 10 (S.D. Ga. Oct. 2,

2014); McGee v. United States, CV 111-192, doc. no. 10 (S.D. Ga. Aug. 17, 2012); see also

_____

[1]Under Rule 12 of the Rules Governing Section 2255 Cases, "[t]he Federal Rules of Civil
Procedure . . . , to the extent they are not inconsistent with any statutory provisions or these rules,
may be applied to a proceeding under these rules."

<u>Weeks v. United States</u>, 382 F. App'x 845, 850 (11th Cir. 2010) (noting dismissal of § 2255 motion without prejudice). Therefore, the Court finds that it is appropriate to dismiss the case pursuant to Petitioner's motion.

However, Petitioner should note that, while a subsequent § 2255 motion will not be barred purely by virtue of the dismissal of this action, any future petition for a writ of habeas corpus and/or § 2255 motion that he files will be subject to all statutory provisions applicable to such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. <u>See</u> 28 U.S.C. §§ 2244 & 2255. Accordingly, the Court **GRANTS** Petitioner's motion to dismiss, (doc. no. 4), **DISMISSES** this case without prejudice, and **CLOSES** this case.

SO ORDERED this 8th day of October, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA